PROB 12C WARRANT



# United States District Court
### Western District of Kentucky

## VIOLATION REPORT AND PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Name of Offender:   Marcelo  Vera
221 Harrison Street
Union City, TN  38261

Docket Number:     0644 5:15CR00026-001

Name of Presiding Judicial Officer:     Thomas B. Russell
Senior United States District Judge

Date of Original Sentence:   5/19/2016

Offense(s) of Conviction:     **Count 1**:
Illegal Re-Entry of Previously Deported Alien
8 U.S.C. § 1326(a), 8 U.S.C. § 1326(b)(2)

Original Sentence:   The defendant was originally sentenced to 46 months imprisonment
with 3 years of supervised release to follow.

Departure/Variance:   At the time of the original sentence, the Court departed from the
established Guideline range of  70 to 87 months imprisonment pursuant
to a 5K3.1 Early Disposition Program motion.

Date Supervision Commenced:     5/17/2019        Date Supervision Expires:     5/16/2022

---

The defendant has violated the conditions of supervision as follows:

**Condition #15: If deported, the defendant may not re-enter the United States without written permission of the Attorney General or the Secretary of Homeland Security.**

**Mandatory Condition: You must not commit another federal, state or local crime.**

On September 2, 2020 Mr. Vera was arrested in Union City, TN and charged in Obion County General Sessions Court with Ct.1) Driving Under the Influence of Alcohol/Drugs (misdemeanor), Ct.2) Implied Consent (misdemeanor) and Ct.3) Driving on Suspended License (misdemeanor).

On September 10, 2020 Mr. Vera pled guilty to Ct.1) Driving Under the Influence of Alcohol/Drugs and was sentenced to 11 months and 29 days incarceration with a fine. Count 2 was dismissed at sentencing and Count 3 remains pending. At the time of Mr. Vera's arrest, he was not permitted to be in the United States.

**Nature of Noncompliance and USPO Action Taken:**

On June 3, 2021 this officer was contacted by an agent with Immigration and Customs Enforcement that advised Mr. Vera was in custody at the Obion County, TN jail. The agent advised Mr. Vera was serving a sentence for a Driving Under the Influence of Alcohol/Drugs conviction.

According to the Incident Report, officers with the Union City Police Department were dispatched to a local convenience store regarding a suspicious vehicle. Upon arrival officers made contact with the driver, later identified as Marcelo Vera. While speaking with Mr. Vera, the officer noticed slurred speech and he could barely keep his eyes open. Mr. Vera was asked to exit the vehicle by the officers. Mr. Vera was reportedly unsteady on his feet and had to sit on the front bumper of the officer's vehicle. While speaking with officers, Mr. Vera passed out and had to be caught by the officers before he hit the ground. Mr. Vera refused medical attention and implied consent for a blood alcohol content test. He was subsequently taken into custody and housed at the Obion County, TN jail. Mr. Vera was charged Obion County General Sessions Court with Ct.1) Driving Under the Influence of Alcohol/Drugs (misdemeanor), Ct.2) Implied Consent (misdemeanor) and Ct.3) Driving on Suspended License (misdemeanor).

On September 10, 2020 Mr. Vera pled guilty to Ct.1) Driving Under the Influence of Alcohol/Drugs and was sentenced to 11 months and 29 days incarceration with a fine. Count 2 was dismissed at sentencing and Count 3 remains pending. At the time of Mr. Vera's arrest, he was not permitted to re-enter the United States without written permission of the Attorney General or the Secretary of Homeland Security per the conditions of his supervised release. This officer confirmed with Immigration and Customs Enforcement that Mr. Vera did not have permission as required.

**NOTE:** The above conduct constitutes Grade B and C violations with Grade B being the most severe. Based on a Grade B violation combined with a criminal history category V, the Revocation Table in USSG §7B1.4 of the November 1, 2020, Edition of the Advisory Guideline Manual recommends a range of imprisonment of 18 to 24 months. The statutory maximum term of imprisonment applicable under 18 U.S.C. § 3583(e)(3) is not more than 2 years. Additionally, as the original offense occurred after the enactment of the Violent Crime Control and Law Enforcement Act of 1994, Mr. Vera would be subject to the re-imposition of a term of supervised release if the Court revokes his original term of supervised release. The length of such a term of supervised release shall not exceed that which is authorized by the statute (not more than 3 years) for the offense which resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, 18 U.S.C. § 3583(h).

**Recommendation:**

The U.S. Probation Office respectfully petitions the court to issue a warrant for the alleged violation(s) of supervised release in order that a hearing be held to determine whether Mr. Vera committed the alleged violations. The Assistant U.S. Attorney was notified of our decision to seek a hearing. A copy of this violation report/petition will be provided to both Assistant U.S. Attorney and defense counsel at or prior to the initial hearing.

I declare under penalty of perjury that the foregoing is true and correct.

_____       6/4/2021       _____       6/4/2021
Mark Walker                                                            Justin McChesney
United States Probation Officer                             Supervising U.S. Probation Officer

THE COURT ORDERS:
☒ The issuance of a warrant.
☐ No formal court action.
☐ Other –